# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Judith Lori Wickelgren,

Plaintiff,

Civ. No. 09-3729 (RHK/JSM)
**ORDER**

v.

Midwest Special Services, Inc.,

Defendant.

---

Judith Lori Wickelgren, Plaintiff *pro se*, Lakeville, Minnesota.

Morgan A. Godfrey, Johnson & Condon, P.A., Minneapolis, Minnesota, for Defendant.

---

This is an employment-discrimination action filed by *pro se* Plaintiff Judith Wickelgren against her former employer, Midwest Special Services, Inc. ("Midwest"), a non-profit providing support services to persons with disabilities. After Midwest terminated her employment, Wickelgren filed a discrimination charge with the EEOC, asserting that she had been discriminated against on account of her race, sex, religion, and age, and further claiming that she had been retaliated against for complaining of sexual harassment and differential treatment. The EEOC issued a Right-to-Sue Letter on October 13, 2009, and this action followed.

On January 12, 2011, following Wickelgren's deposition, Midwest filed a Motion for Summary Judgment (Doc. No. 13), seeking the dismissal of all of Wickelgren's claims; it noticed its Motion for a hearing on February 23, 2011. In its Motion, Midwest

argued that several of the claims were untimely; that certain claims were not administratively exhausted; and that all of the claims failed on the merits.  As to the last argument, Midwest proffered evidence that it terminated Wickelgren's employment not for unlawful reasons, but rather because she had harassed several co-workers, repeatedly made complaints that Midwest determined (after investigation) lacked merit, and was a poor performer.

Pursuant to Local Rule 7.1(b)(2), Wickelgren's response to the Motion was due on or before February 2, 2011, but she failed to file a response by that date.  Midwest's counsel then wrote Wickelgren, advising her that her failure to respond could serve as an additional basis for the dismissal of her claims.  (See Doc. No. 20.)  Nevertheless, Wickelgren did not respond to the Motion.  At the hearing, at which Wickelgren personally appeared, she admitted that she had received notice of Midwest's Motion and the hearing date, but opted not to respond because she had "other priorities [that were] more important than this."

Based on the foregoing, the Court determines that Wickelgren's Complaint must be dismissed, for two reasons.  First, she has failed to prosecute this action by not responding to the pending Motion, despite being advised of the consequences of doing so.  See Fed. R. Civ. P. 41(b); Page v. Pung, No. 94-3120, 1995 WL 91897, at *1 (8th Cir. Mar. 1, 1995) (unpublished) (affirming dismissal of complaint where plaintiff failed to respond to summary-judgment motion).  While Federal Rule of Civil Procedure 41(b), which governs dismissals for failure to prosecute, is couched in terms of a motion by the defendant, the Supreme Court has recognized that a district court may dismiss an action

*sua sponte* on that ground.  See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 629-31

(1962); see also Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (*per*

*curiam*).[1]  Moreover, because Wickelgren is proceeding *pro se*, the lack of response can

only be laid at her feet.  Indeed, she has admitted that she was aware of the Motion, but

simply chose to ignore it.  Wickelgren's *pro se* status does not relieve her of her

obligation to respond to the Motion.  See, e.g., Brown v. Frey, 806 F.2d 801, 804 (8th

Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and

procedural law.") (citation omitted).  Insofar as she was warned of the possible

consequences of her actions, the Court determines that dismissal of her claims with

prejudice is appropriate.  See Sterling, 985 F.2d at 412 (noting that dismissal with

prejudice is appropriate "where the plaintiff has consistently and wilfully failed to

prosecute h[er] claim").

Second, the record before the Court indicates that Midwest is entitled to summary

judgment.  Because it proffered several legitimate, nondiscriminatory reasons for its

actions, Wickelgren was obligated to bring forth evidence "show[ing] that the proffered

reason[s] w[ere] a pretext for . . . discrimination."  Ramlet v. E.F. Johnson Co., 507 F.3d

1149, 1153 (8th Cir. 2007); accord, e.g., Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 853

(8th Cir. 2005) ("[T]he ultimate burden falls on [the plaintiff] to produce evidence

sufficient to create a genuine issue of material fact regarding whether [the] proffered

---

[1] In any event, Midwest made an oral Motion for dismissal on this basis at the February 23, 2011, hearing.

nondiscriminatory reason is a pretext for discrimination.").[2]  She has failed to do so;

indeed, she has submitted no evidence whatsoever.  See Fed. R. Civ. P. 56(e)(2) (party

responding to summary-judgment motion "must – by affidavits or as otherwise provided

in this rule – set out specific facts showing a genuine issue for trial").  That failure

entitles Midwest to summary judgment.  See id. ("If the opposing party does not so

respond, summary judgment should, if appropriate, be entered against that party."); Barge

v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996) (affirming grant of summary

judgment where plaintiff, by failing to respond to motion, "failed to rebut [the

defendant's] legitimate nondiscriminatory reason . . . with any evidence of pretext").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Midwest's Motion for Summary Judgment (Doc. No. 13) is

**GRANTED**, and for that reason, and due to Wickelgren's failure to prosecute, the

Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  February 23, 2011

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[2] A different standard applies when a plaintiff proffers "direct" evidence of discrimination, see, e.g., Elam v. Regions Fin. Corp., 601 F.3d 873, 878 (8th Cir. 2010), but the Court's review of the record has uncovered no such evidence here.